USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------x          CASE No. 11-cv-05786 (GBD)

K-BEECH, INC.,

        Plaintiff,          MOTION TO QUASH OR MODIFY
                           SUBPOENA
vs.

JOHN DOES 1-19,

        Defendants.

---------------------------------------x

## MOTION TO QUASH OR MODIFY SUBPOENA

       I received a letter from my ISP regarding a subpoena, which included a copy of

the subpoena demanding my personal identifying information.

       From accounts of previous defendants of other copyright infringement lawyers,

such as Steele Hansmeier, these subpoena notifications are followed by demand letters. These

letters -- which usually demand amounts in the area around $2500 - $3000, to avoid dealing

with their lawsuit[1] -- and their phone calls, which are persistent[2], are the reason I am filing this

motion, and for this reason, I respectfully request that I be allowed to do so without revealing

my personal identifying information.

## INTRODUCTION

       To cut court costs while suing as many individuals as possible, Plaintiff's counsel,

---

[1] Google search: "steele hansmeier letter"
[2] Google search: "steele hansmeier phone calls"

Frederic R. Abramsom is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. K-Beech also has mass law suits in Maryland, including a BitTorrent case nearly identical to this one, *K-Beech vs. Does 1-32 case 8:11-cv-01764-DKV* which has been dismissed. Likewise there is another nearly identical BitTorrent case pending in the Eastern District of Pennsylvania from which this motion has been derived and only slightly modified to comport with the particular filings in this case, *K-Beech vs. Does 1-78 case 5:11-cv-05060.* That motion to quash or modify subpoena was granted on 10/3/2011 and a copy of that order is attached hereto and incorporated by reference herein.

Similar cases have also been dismissed, such as *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255,* and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-

fated (as well as ill-considered) lawsuit.
*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in

denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a
> fishing expedition by means of a perversion of the purpose of and intent of Fed.
> R. Civ. P. 23.

*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed

for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed
> does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed
> Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by

Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti

found the same joinder problems, and wrote in his order denying request for leave to take early

discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent

cases in the Northern District of California by the same plaintiff Boy Racer, again represented

by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

In a recent order (6 Sep 2011) by Judge Bernard Zimmerman, Northern District of California,

5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, case C10-4472 BZ,*

due to improper joinder.  Judge Zimmerman stated the following in his order:

> "This Court does not condone copyright infringement and encourages settlement
> of genuine disputes.  However, Plaintiff's desire to enforce its copyright in what it
> asserts is a cost-effective manner does not justify perverting the joinder rules to
> first create the management and logistical problems discussed above and then to
> offer to settle with Doe defendants so they can avoid digging themselves out of
> the morass plaintiff is creating."

<u>ARGUMENT</u>

**1)     Plaintiff Has Improperly Joined 19 Individual Defendants Based on Entirely
Disparate Alleged Acts**

The Plaintiff's joinder of 19 defendants in this single action is improper and runs the
tremendous risk of creating unfairness and denying individual justice to those sued.  Mass
joinder of individuals has been disapproved by federal courts in both the RIAA cases and
elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access
> was abused by her minor child, while John Doe 2 might share a computer with a
> roommate who infringed Plaintiffs' works. John Does 3 through 203 could be
> thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and
> depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast
> majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at \*1 (E.D. Pa. Apr. 2, 2004)*
(severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against
them must arise from a single transaction or a series of closely related transactions.
Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20.  Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country.  In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way.  The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2.  In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement.  See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A.

04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since

2002.[3]

   Plaintiff claims all of the New York defendants are properly joined because they illegally downloaded/shared the film Gang Bang Virgins via BitTorrent.  Plaintiff provided the Court Exhibit B to their Motion for Leave to Serve Third Party Subpoenas Prior To A Rule 26(f) Conference (Document 6), showing the IP addresses of the defendants and a specific "hit date (UTC)," it was observed illegally downloading/sharing the film.   John Doe #18 (IP address96.246.121.244) was the first instance of downloading/sharing by defendants identified by plaintiff's agents on 4/21/2011 at 12:41 Coordinated Universal Time (UTC).  The last instance of downloading/sharing identified by Plaintiff's agents was on 7/4/2011, at 15:48 UTC, by John Doe #12 (IP address 69.206.64.125).  Plaintiff incorrectly states the infringement was accomplished by the Defendants "acting in concert with each other."   Exhibit B to Document 6 shows the entire timeframe of the activity, but not which IP addresses acted in concert.  The nature of BitTorrent does not support Plaintiff's claim that all John Doe IP addresses acted together for the entire period of seventy-five days.

   The nature of BitTorrent is that the work in question is first made available to others BitTorrent users by a small number, usually one IP address.  As other BitTorrent users join and start to download/share the work, the swarm grows.  Depending on how popular the work is, the swarm can grow fast, or not at all.  Eventually as the popularity of the shared work drops, the swarm shrinks, and eventually disappears.  IP addresses commonly join and leave various BitTorrent swarms at all times during the life of the torrent.  Plaintiff's agent, Tobias Fieser, IPP Limited, collected the data on John Doe IP addresses (Exhibit A of Document 6) and can verify the nature of BitTorrent, as well as provide details on who (if any) of the John Does IP

---

[3]http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

addresses in this case truly shared the work between the other John Does IP addresses in this case.

In the January 2011 Technical Report: *An Estimate of Infringing Use of the Internet*, by *Envisional*[4] (a major company specializing in detecting and guarding against the threats of counterfeiting, piracy, fraud and online brand abuse), the following was noted for the single day analysis of BitTorrent use:

> For the 2.72 Million torrents identified, only .2% had 100 or more downloaders. 2.6% of the torrents had 10-99 downloaders. 51.9% of the torrents had from one to nine downloaders. 45.2% had no active downloads. Envisional also noted that a similar spread of "seeders" (users with a complete copy of the work) were associated with the torrents. For 48.5% of the torrents, there were no seeders connected. (Page 9)

This report clearly shows the vast majority of torrents only had zero to nine downloaders associated with them and a very limited number of file seeder at any one instance.

The similar but separate nature of the BitTorent connections is highlighted in three recently filed K-Beech cases in Colorado (K-Beech Inc., v. John Doe, 1-11-cv-02370-PAB, K-Beech Inc., v. John Doe, 1-11-cv-02371-CMA, and K-Beech Inc., v. John Doe, 1-11-cv-02372-MSK) filed on 8 Sep 2011. These three cases also concern the infringement of the same file as this case (Virgins 4), by John Does in Colorado. Plaintiff's attorney in Colorado decided to file separate cases for each John Doe, as joinder of the three could not justified by location only.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly

---

[4]http://documents.envisional.com/docs/Envisional-Internet_Usage-Jan2011.pdf

from any of the Doe defendants.   Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-78, from the case. *See,* Fed. R. Civ. P. 21.

Dated: 10/5/11                                   Respectfully submitted,


                                                          *s/John Doe*
                                                          John Doe
                                                          *Pro se*


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 10/5/11, I served a copy of the foregoing document, via US Mail, on:

          Frederic R. Abramsom
          160 Broadway, Suite 500
          New York, NY 10038

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K-BEECH, INC., | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| JOHN DOES 1-78, | : | No. 11-5060 |
| Defendants. | : | |

## ORDER

**AND NOW**, this 3rd day of **October, 2011**, upon consideration of Defendant John Doe's

Motion to Quash or Modify Subpoena, and for the following reasons, it is hereby **ORDERED**

that:

1)   All Defendants except John Doe 1 are **SEVERED** from this action and

**DISMISSED** without prejudice.

2)   The motion (Document No. 6) is **GRANTED**.[1]

---

[1] K-Beech, Inc. brings this action against seventy-eight "John Doe" defendants, identified only by their internet protocol ("IP") addresses, for direct and contributory copyright infringement of a motion picture called *Virgins 4*. Defendants allegedly downloaded the work through BitTorrent, which allows a "swarm" of users to download and upload from each other simultaneously. Similar lawsuits attempting to join numerous Doe defendants for copyright infringement of a single work via BitTorrent have been filed around the country, including several others by K-Beech.

K-Beech has served third-party subpoenas on Defendants' internet service providers ("ISPs") to obtain the name and contact information associated with each IP address. After receiving notice from their ISPs, five Doe Defendants have filed motions to quash the subpoenas, arguing that they were improperly joined in this action. Plaintiff has not timely responded to the first such motion. The Court agrees that John Does 2 through 78 were improperly joined. Defendants may be joined if: (1) a claim is asserted against them jointly, severally, or in the alternative arising out of the same transaction or occurrence, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). A number of courts have held that using BitTorrent to download the same copyrighted work does "not mean that each of the defendants were engaged in the same transaction or occurrence." *On the Cheap, LLC v. Does 1-5011*, Civ. A. No. 10-4472, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011); *see also, e.g.*, Order, *W. Coast Prods., Inc., v. Does 1-535*, Civ. A. No. 10-94 (N.D. W. Va. Dec. 16, 2010). Furthermore, the Court has "broad discretion" under Rule 21 to sever parties. *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (quoting *Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, . . . drop a party."); *BMG Music v. Does 1-203*, Civ. A.

3)   All subpoenas seeking discovery regarding all Defendants except John Doe 1 are **QUASHED**.

4)   The other pending motions to quash in this case (Document Nos. 7, 8, 10, and 11) are **DENIED as moot**.

5)   By **October 14, 2011**, Plaintiff shall serve a copy of this Order on every Defendant for whom it has obtained an address and the internet service providers on whom third-party subpoenas have been served. By **October 28, 2011**, Plaintiff's counsel shall file a declaration attesting that Plaintiff has complied with this provision.

6)   Plaintiff shall have until **October 14, 2011** to file an amended complaint against John Doe 1, if it wishes to proceed with its claims against this Defendant.

BY THE COURT:

Berle M. Schiller, J.

---

No. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (severing over two hundred Doe defendants in copyright action sua sponte). Severance is warranted here because the large number of defendants could lead to dozens of motions raising unique factual and legal issues and would pose logistical difficulties at every stage of litigation. *See Boyer*, 2004 WL 835082, at *1 n.1 (noting that district court may invoke Rule 21 "for convenience . . . or to promote the expeditious resolution of the litigation"). Thus, the Court will sever all Defendants but the first named, John Doe 1, and quash all third-party subpoenas served on ISPs except as to John Doe 1. K-Beech may pursue its copyright infringement claims on an individual basis.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----------------------------------------x

K-BEECH, INC.,

      Plaintiff,

vs.

JOHN DOES 1-19,

      Defendants.

----------------------------------------x

CASE No. 11-cv-05786 (GBD)

ATTACHMENT 2 TO MOTION TO
QUASH OR MODIFY SUBPOENA

Attached is the Memorandum Order by the Honorable John A. Gibney, Jr., dated October 5, 2011 in the case entitled K-Beech, Inc. v. John Does 1-85 pending in the United States District Court for the Eastern District of Virginia. John Doe hereby incorporates by reference herein the findings of fact and determinations of law set forth in said Memorandum Order to the pending Motion to Quash or Modify Subpoena, dated October 5, 2011, currently pending before this court.

Dated: 10/6/11

                          Respectfully submitted,

                          *s/John Doe*
                          John Doe
                          *Pro se*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on 10/6/11, I served a copy of the foregoing document, via US Mail, on:

              Frederic R. Abramsom
              160 Broadway, Suite 500
              New York, NY 10038

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

K-BEECH, INC.,

                 Plaintiff,

v.                                       Civil Action No. 3:11cv469-JAG

JOHN DOES 1-85,

                 Defendants.

## MEMORANDUM ORDER

      This case concerns the alleged uploading and downloading of the pornographic film "Gangbang Virgins" (the "Work") using a peer-to-peer file sharing client known as BitTorrent. The plaintiff filed a complaint (the "Complaint") for copyright infringement on July 21, 2011, claiming that 85 John Doe defendants violated the United States Copyright Act, 17 U.S.C. §§ 101-1332, in securing and sharing a copy of the Work over the internet. [1] To establish personal jurisdiction in this district, the plaintiff used geolocation technology and traced the Internet Protocol ("IP") addresses of each defendant to acquire the general location and time of the alleged infringement. (Complaint ¶ 4.)

      On July 26, 2011, the Court granted the plaintiff's request for leave to take discovery prior to the Rule 26(f) conference, authorizing it to serve Rule 45 subpoenas on the internet service providers ("ISPs") named in Exhibit A of the Complaint.   Upon due consideration,

---

[1] Plaintiff's counsel filed virtually identical complaints in three cases before this Court, including the instant case: Civil Case Nos. 3:11cv469, 3:11cv531, and 3:11cv532. Various Doe defendants have filed motions to sever, quash, or dismiss in all three cases. None of the motions are ripe at this time; however, they present similar, if not identical, issues. In the interest of justice, the Court, *sua sponte*, determined that this Memorandum Order was necessary to conform to the Federal Rules of Civil Procedure.

however, the Court finds that Doe defendants 2-85 have been improperly joined in violation of Federal Rule of Civil Procedure 20(a)(2). For the reasons stated herein, the Court finds that all defendants except Doe 1 should be SEVERED from this case.

### Discussion

The BitTorrent software at issue allows a person to visit a private website and download a file containing the desired digital media onto a program already installed on the user's computer. Once the file is loaded, the BitTorrent program connects to hundreds or thousands of different users that possess and share copies of the particular media contained in the file, and it coordinates the copying of the media using the digital copies of those other users. As the original user (or "peer") downloads his or her copy, it is immediately made available to other users looking to obtain the file. In this way, the collection of users who simultaneously "share" a particular file is known as a "swarm." The plaintiff, in essence, relies on this "swarm" theory to claim that the defendants acted in concert through a series of transactions to commit the infringement. (*See* Compl. ¶ 10.) The Court, however, disagrees with this conception of proper joinder under the Federal Rules of Civil Procedure.

Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) is designed to promote judicial economy and trial convenience. *See Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). Furthermore, Rule 21 provides: "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at

2

any time, on just terms, add or drop a party. *The court may also sever any claim against a party.*" Fed. R. Civ. P. 21 (emphasis added).

In short, the plaintiff has failed to demonstrate any right to relief against the defendants arising out of the same transaction, occurrence, or series of transactions or occurrences. "Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Laface Records, LLC v. Does 1-38*, No. 5:07-CV-298, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb. 27, 2008). The Court agrees with Judge Spero's analysis in a recent decision from the United States District Court for the Northern District of California:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm.* The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world . . . Indeed, Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, they may not have been physically present in the swarm on the exact same day and time.

*Hard Drive Productions, Inc. v. Does 1-188*, No. C-11-01566, 2011 U.S. Dist. LEXIS 94319, at *39-40 (N.D. Cal. August 23, 2011) (internal quotation marks omitted).

The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work—which occurred on different days and times over a span of three months—is insufficient to meet the standards of joinder set forth in Rule 20. *See Diabolic Video Productions, Inc. v. Does 1-2099*, No. 10-CV-5865, 2011 U.S. Dist. LEXIS 58351, at *10-11 (N.D. Cal. May 31, 2011); *see also Millennium TGA, Inc. v. Does 1-21*, No. 11-2258, 2011 U.S. Dist. LEXIS 53465, at *6-7 (N.D. Cal. May 12, 2011). Accordingly, the Court concludes that joinder of the Doe defendants in this action does not satisfy Rule 20(a). In the interest of

fairness, the Court finds it appropriate to exercise its discretion under Rule 21 to sever all of the defendants but one.

The Court also finds that the plaintiff should be required to show cause why certain conduct does not violate Rule 11 of the Federal Rules of Civil Procedure. The Court currently has three similar cases before it, all brought by the same attorney.[2] The suits are virtually identical in their terms, but filed on behalf of different film production companies. In all three, the plaintiffs sought, and the Court granted, expedited discovery allowing the plaintiffs to subpoena information from ISPs to identify the Doe defendants. According to some of the defendants, the plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation. When any of the defendants have filed a motion to dismiss or sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution.

This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.

---

[2] *See supra* note 1. The Court will enter a similar show cause order in each case.

4

The plaintiffs' conduct in these cases indicates an improper purpose for the suits. In addition, the joinder of unrelated defendants does not seem to be warranted by existing law or a non-frivolous extension of existing law.

Pursuant to Rule 11(c)(3), the Court, therefore, will direct the plaintiff and its counsel to show cause why the conduct specifically described in this Memorandum Order has not violated Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3); Fed. R. Civ. P. 11(b).

### Conclusion

For the forgoing reasons, the Court ORDERS that:

1.      All the defendants except Doe 1 are hereby SEVERED from this action, and no discovery shall occur until the parties have conducted a discovery conference pursuant to Federal Rule of Civil Procedure 26(f);

2.      The subpoenas served on the ISPs listed in Exhibit A of the plaintiff's Complaint (Dk. No. 1) are hereby QUASHED as to all the defendants, Does 1-85;

3.      The plaintiff SHALL IMMEDIATELY NOTIFY the recipients of these subpoenas that said subpoenas have been quashed and that the defendants, except Doe 1, have been severed and are not litigants in this case;

4.      The defendant is directed to file, under seal, copies of all notices sent to Doe defendants pursuant to paragraph 3 above;

5.      Within thirty (30) days from the entry of this Memorandum Order, the plaintiff may file individual complaints against those Doe defendants whom it wishes to proceed. Upon election to proceed, the plaintiff shall submit to the Clerk of the Court filing fees for each of the complaints against those defendants whom the plaintiff wishes to proceed. Such cases will be assigned separate civil action numbers and placed on the Court's docket;

5

6.      Civil action No. 3:11cv469 shall be assigned to Doe 1 as an individual defendant. The actions filed within 30 days of this Memorandum Order against any other Doe defendants severed from this case will be deemed to have been filed as of July 21, 2011, the date of the filing of the original Complaint;

7.      Any filings that can be construed as motions in Civil Action No. 3:11cv469 are hereby DENIED AS MOOT;

8.      The plaintiff is directed, henceforth, not to file any notices of dismissal pursuant to Federal Rule of Civil Procedure 41 relating to any parties in this action;

9.      The plaintiff and its counsel are directed to show cause within ten (10) days why the conduct specifically described in this Memorandum Order does not violate Rule 11(b). If the plaintiff or its counsel desires a hearing on the issue of sanctions, they should contact the Court's chambers to arrange a time and date.

It is SO ORDERED.

Let the Clerk send a copy of this Memorandum Order to all counsel of record and mail a certified copy to each interested party of record.

Date: October 5, 2011
Richmond, VA

/s/ _____
John A. Gibney, Jr.
United States District Judge

6

**Civilian's Guide to Lawyers (the Blog)**
*A fresh perspective on lawyers, legal fees, and the law*

## Abuse of Process: How lawyers use courts as fronts for scams

Posted on October 8, 2011 by JWT

A sad irony about the irrationality and cost of the legal system is that lawyers and people with enough money to afford a downpayment on lawyers can use the system's inefficiencies to extort money from people who cannot afford to defend themselves. It's a couple of steps below a mafia shake down. This is like a nuisance suit but depends on making lots of small claims that even the plaintiff can't afford to pursue to trial.

You may have heard about various legal scams using litigation to demand "settlements" from internet users who have shared music or newspaper articles or, it appears, pornography. The way these outfits usually work is they sue unknown users based on their IP address, then use a court subpoena to the internet provider to convert the IP address into a name (like a family with an online account through their cable company). The lawyers then "notify" the potential defendant that they are being sued and, often, propose a sum they can pay to "settle." Many people pay the money to avoid the horror and expense of litigation — this scam wouldn't work if the legal system were more efficient, cheap, and rational. But those who call the bluff often find that they are immediately dismissed — good news, except this means no judge ever finds out that the court's being used as a character in an episode of the *Sopranos*. (If the *Sopranos* were still around, they'd probably have a story line like this — they moved right into stock boiler rooms pretty quickly.)

Here's how the scam worked in Virginia with "defendants" who apparently downloaded pornography, then got a call from a lawyer demanding a few thousand dollars rather than going to all the expense of having their names revealed in the "copyright" litigation. Interesting twist on this one: The "plaintiff," i.e., the pornographer, also used the information his lawyer collected to make threatening phone calls:

> *O'Bryan brought the cases on behalf of K-Beech, Inc, makers of the [porn] film in question. He sued a few dozen IP addresses for allegedly sharing the film on BitTorrent networks, and even tried to cover his bases a bit by using geolocation technology to ensure that the anonymous defendants actually lived in Virginia.*

> *...While most judges to date have stopped with this sort of ruling, Gibney went on to say that "the plaintiffs' conduct in these cases indicates an improper purpose for the suits." Like most mass-copyright lawsuits of this kind, the plaintiffs file lawsuits using only IP addresses, get permission to subpoena Internet providers for the real names and addresses of those users, and then attempt to settle with defendants for a few thousand dollars. In this case, O'Bryan allegedly went even further, dismissing defendants from his three cases if they objected to the judge—all in order to prevent them from getting their day in court.*

> *As the judge put it: According to some of the defendants, the plaintiff then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing phone calls, demanding $2,900 in*

*compensation to end the litigation. When any of the defendants have filed a motion to dismiss or sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution.*

The judge concluded that "the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does."

As one "defendant" noted, the whole notion that an IP address uniquely identifies one person is absurd: At most it identifies a family, a subscriber, part of a large business, maybe a coffee shop or wing of an airport. It can also identify a family with a wireless router, no security, and a teenage neighbor. This particular "defendant," for example, was a technician setting up routers for people, so many of the IP addresses were obtained through him, apparently. Oh, and he even provided this service for the lawyer representing the plaintiff.

If you get a letter threatening you with litigation unless you pay up, it may be a scam you can just ignore, but the clock may be ticking on your ability to do something about it. (If it looks like it came from a court or was served by a sheriff, it's more likely to be real — go to the court and check with a clerk, promptly.) Find a lawyer or, if you can't do that, at least file something in writing with the court denying each allegation and asking for more time. Show up for any hearings or other events. The law is, unfortunately, designed to treat silence or inaction as an admission of "guilt," so a failure to act will result in your losing before you get heard. Meanwhile consider making a complaint to the state bar and the court and contact other authorities for tactics like threatening or harassing phone calls, etc.

Online Story: Judge blasts personal-injury lawyer for running P2P "shake down".

**About JWT**
John Toothman founded The Devil's Advocate, the legal fee management and litigation consulting firm, in 1993. He graduated from Harvard Law School, with honors, in 1981. He is the author of several books and dozens of articles about lawyers, law firms, legal fees, ethics, litigation and trial practice, and related issues. John won the ABA's Ross Essay Award. Before founding DA, John was a lawyer with large and small law firms and the US Dept. of Justice. He's tried over sixty cases. He has testified as an expert witness in over sixty more. His pro bono activities include teaching and speaking at seminars. John is admitted to practice law in DC and Virginia.
View all posts by JWT →

This entry was posted in Civilian's Guide to Lawyers, Class Actions, Consumer litigation, Devil's Advocate, Ethics, Firing a Lawyer, Hiring a lawyer, Legal Commentary, Legal News Notes and tagged bar, copyright, hiring lawyer, judges, legal ethics, litigation, nuisance suits. Bookmark the permalink.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

K-BEECH, INC.,

       Plaintiff,

vs.

JOHN DOES 1-19,

       Defendants.

---------------------------------------x

CASE No. 11-cv-05786 (ORDER)

MOTION TO QUASH OR MODIFY SUBPOENA

## FURTHER SUPPORT FOR MOTION TO QUASH OR MODIFY SUBPOENA

    As a pro se, John Doe in the above lawsuit I apologize for filing this after my initial filing of a Motion to Quash or Modify Subpoena, dated October 5, 2011, currently pending before this court but this Further Support For Motion is premised almost entirely on a Memorandum Opinion and Order in yet another K-Beech, Inc., lawsuit pending in the United States District Court for the Eastern District of New York entitled K-Beech v. Does 1-29, 11-cv-3331 (JTB) (ETB). In that Memorandum Opinion and Order, dated September 19, 2010, which is attached hereto and made a part hereof the Honorable E. Thomas Boyle denied plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule26(f) Conference and its Emergency Motion to Preserve Data Pending Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference on the ground that plaintiff's complaint does not plead a meritorious copyright infringement claim, it does not make sense to allow plaintiff the discovery it seeks. See id at 2. Accordingly I have quoted almost verbatim said Memorandum Opinion and Order and only modified slightly the facts so that they would be applicable to the facts of this case.

2

**PLAINTIFF'S COMPLAINT DOES NOT PLEAD A MERITORIOUS
COPYRIGHT INFRINGEMENT CLAIM AND THE SUPOENA SHOULD BE QUASHED
ACCORDINGLY**

This is copyright infringement action in which the plaintiff has sued a number of anonymous alleged infringers for downloading a film called "Gang Bang Virgins" using a peer-to-peer file-sharing protocol called BitTorrent. (See Complaint at 2-3). The work is not yet registered with the Copyright Office. Rather, plaintiff asserts that "[o]n or about April 22, 2011, Plaintiff submitted an application for Copyright Registration . . . for the motion picture." (Id. at 2).

Federal Rule of Civil Procedure 26(d)(1) allows a court to issue an order permitting a party to seek discovery prior to the Rule 26(f) conference. See Fed. R. Civ. Proc. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."). In this Circuit, courts will allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 to discover a Doe defendant's identity when there is (1) a concrete showing of a prima facie claim of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citing Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). While plaintiff's application satisfies the second through fifth factors, it has not met the first because it has not pleaded a prima facie claim of copyright infringement. Because the Complaint does not plead a meritorious copyright infringement claim, it does not make sense to allow plaintiff the discovery it seeks.

3

To state a claim for copyright infringement, a plaintiff must claim (1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, Inc. v. Muchnick, — U.S. —, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010) (citing 17 U.S.C.A. § 411(a)). While failure to register a work does not deprive a federal court of jurisdiction over an action for infringement, valid registration is an element of an infringement claim.  See id. at 1247; see also Cosmetic Ideas, Inc. v. IAC/InteractiveCorp, 606 F.3d 612, 615 (9th Cir. 2010) ("[P]ost-Reed Elsevier, registration is an element of an infringement claim, rather than a jurisdictional bar."). Although the Second Circuit has not addressed this specific question, courts in both the Eastern District of New York registration does not satisfy the registration precondition of § 411(a).  See, e.g., Lewinson v. Henry Holt & Co., 629 F. Supp. 2d 547, 553, 559 (S.D.N.Y. 2009) (holding that a work for which a registration application had been sent was not registered within the meaning of § 411(a)); Corbis Corp. v. UGO Networks, Inc. 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004) (holding that a work is not registered within the meaning of § 411(a) unless and until "the Copyright Office has either approved or refused the pending application for registration" and collecting cases); Capitol Records, Inc. v. Wings Digital Corp., 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) (dismissing "claims for copyright infringement based upon pending registration applications"); Silver v. Lavandeira, No. 08 Civ. 6522, 2009 WL 513031, at *5 (S.D.N.Y. Feb. 26, 2009) (noting that, although a few courts in the Second Circuit have held that a pending application for registration satisfies § 411(a), "the emerging consensus among courts in this district is that the mere filing of applications and payment of the associated fees is insufficient, as a matter of law, to meet the statutory requirement that a copyright be registered prior to the initiation of an infringement action").

Because plaintiff has alleged only that the registration for the allegedly infringed film is pending, it has not properly pled all of the elements of a copyright infringement cause of action. Because plaintiff

4

cannot make a concrete showing of prima facie claim of copyright infringement, its subpoenas ought to be quashed.

Finally, plaintiff has failed to plead capacity to sue in the State of New York pursuant to Rule 17(b)(2) of the FRCP and Section 130(9) of New York General Business Law.

Dated: 10/11/11                                   Respectfully submitted,


                                                  *s/John Doe*
                                                  John Doe
                                                  *Pro se*


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 10/11/11, I served a copy of the foregoing document, via US Mail, on:

      Frederic R. Abramsom
      160 Broadway, Suite 500
      New York, NY 10038

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
K-BEECH, INC.,

                                Plaintiff,

                -against-

DOES 1-29,

                              Defendants.

-------------------------------------------------------------------X

                                       **MEMORANDUM**
                                       **OPINION AND ORDER**

                                       CV 11-3331 (JTB) (ETB)

      Before the Court are plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference and its Emergency Motion to Preserve Data Pending Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference.  For the reasons that follow, plaintiff's motions are DENIED.

      This is copyright infringement action in which the plaintiff has sued a number of anonymous alleged infringers for downloading a film called "Virgins 4" using a peer-to-peer file-sharing protocol called BitTorrent.  (See Complaint at 2-3).  The work is not yet registered with the Copyright Office.  Rather, plaintiff asserts that "[o]n or about April 22, 2011, Plaintiff submitted an application for Copyright Registration . . . for the motion picture."  (Id. at 2).

      Plaintiff has identified the defendants only through their Internet Protocol ("IP") addresses.  Plaintiff now asks the Court for (1) an order pursuant to Federal Rules of Civil Procedure 26(b)(2)(C) and 34(c) requiring Internet Service Providers ("ISP") Optimum Online, RCN Corporation, Road Runner, and Verizon Internet Services to preserve data and (2) leave to serve third-party subpoenas prior to a Federal Rule of Civil Procedure 26(f) ("Rule 26(f)") conference to those ISPs.

      Federal Rule of Civil Procedure 26(d)(1) allows a court to issue an order permitting a party to seek discovery prior to the Rule 26(f) conference.  See Fed. R. Civ. Proc. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when

authorized . . . by court order."). In this Circuit, courts will allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 to discover a Doe defendant's identity when there is (1) a concrete showing of a prima facie claim of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citing Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). While plaintiff's application satisfies the second through fifth factors, it has not met the first because it has not pleaded a prima facie claim of copyright infringement. Because the Complaint does not plead a meritorious copyright infringement claim, it does not make sense to allow plaintiff the discovery it seeks.

To state a claim for copyright infringement, a plaintiff must claim (1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, Inc. v. Muchnick, — U.S. —, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010) (citing 17 U.S.C.A. § 411(a)). While failure to register a work does not deprive a federal court of jurisdiction over an action for infringement, valid registration is an element of an infringement claim.[1] See id. at 1247; see also Cosmetic Ideas, Inc. v. IAC/InteractiveCorp, 606 F.3d 612, 615 (9th Cir. 2010) ("[P]ost-Reed Elsevier, registration is an element of an infringement claim, rather than a jurisdictional bar."). Although the Second Circuit has not addressed this specific question, courts in both the Eastern District of New York

---

[1] The Supreme Court has left open the question of whether district courts should sua sponte dismiss infringement actions when the subject work is not registered. See Reed Elsevier, 130 S. Ct. at 1249 ("We . . . decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce sua sponte by dismissing copyright infringement claims involving unregistered works.")

and the Southern District of New York have held that submission of an application for copyright registration does not satisfy the registration precondition of § 411(a).  See, e.g., Lewinson v. Henry Holt & Co., 629 F. Supp. 2d 547, 553, 559 (S.D.N.Y. 2009) (holding that a work for which a registration application had been sent was not registered within the meaning of § 411(a)); Corbis Corp. v. UGO Networks, Inc. 322 F. Supp. 2d 520, 521-22 (S.D.N.Y. 2004) (holding that a work is not registered within the meaning of § 411(a) unless and until "the Copyright Office has either approved or refused the pending application for registration" and collecting cases); Capitol Records, Inc. v. Wings Digital Corp., 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) (dismissing "claims for copyright infringement based upon pending registration applications"); Silver v. Lavandeira, No. 08 Civ. 6522, 2009 WL 513031, at *5 (S.D.N.Y. Feb. 26, 2009) (noting that, although a few courts in the Second Circuit have held that a pending application for registration satisfies § 411(a), "the emerging consensus among courts in this district is that the mere filing of applications and payment of the associated fees is insufficient, as a matter of law, to meet the statutory requirement that a copyright be registered prior to the initiation of an infringement action").[2]

Because plaintiff has alleged only that the registration for the allegedly infringed film is pending,

_____

[2]Prior to Reed Elsevier, the Second Circuit had held that failure to register a work was a defect that deprived the federal courts of jurisdiction over an infringement action.  See, e.g., In re Literary Works in Electronic Databases Copyright Litig., 509 F.3d 116, 121 (2d Cir. 2007) rev'd sub nom. Reed Elsevier, 130 S. Ct. at 1247. Thus, the cited cases dismiss for lack of subject-matter jurisdiction causes of action regarding unregistered works. Although Reed Elsevier overruled these cases to the extent that they held that jurisdiction was lacking, it did not affect the holdings that a work with a pending application is not a registered work within the meaning of Section 411(a).

It should also be noted that there is a circuit-split on this issue.  Compare La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1202-04 (10th Cir. 2005), abrogated on another ground by Reed Elsevier, 131 S. Ct. at 1247, and M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 (11th Cir. 1990), abrogated on another ground by Reed Elsevier, 131 S. Ct. at 1247 (holding that a work is not registered until its application is approved) with Cosmetic Ideas, 606 F.3d at 621, and Chicago Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 631 (7th Cir. 2003), and Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984) (holding that receipt by the Copyright Office of a complete application satisfies Section 411(a)).

3

it has not properly pled all of the elements of a copyright infringement cause of action.  Because plaintiff

has not made a concrete showing of a prima facie claim of copyright infringement, it has not established

good cause to allow discovery prior to the Rule 26(f) conference.  Therefore, the Court denies plaintiff's

Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference and its Emergency

Motion to Preserve Data Pending Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f)

Conference.  This denial is without prejudice to renewal should the pleading deficiency be corrected.


**SO ORDERED:**

Dated:  Central Islip, New York
           September 19, 2010


/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge

4