UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/11
```

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

K-BEECH, INC.,

    Plaintiff,

vs.

JOHN DOES 1-19,

    Defendants.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

CASE No. 11-cv-05786 (GBD)

**REPLY TO PLAINTIFF'S OPPOSTION TO MOTION TO QUASH OR MODIFY SUBPEONA**

## I. INTRODUCTION

Plaintiff's opposition papers states that it "is filing an Amended Complaint" containing two new causes of action for trademark infringement and contributory trademark infringement under 43(a) of the Lanham Act. It is doing this because it recognizes it does not have a meritorious copyright infringement claim insofar as it does not possess a certificate of copyright registration for "Gang Bang Virgins" (hereinafter the "Work"). See, K-Beech v. Does 1-39, 2011 WL 4401933. A search of PACER fails to locate plaintiff's amended complaint in this action so this John Doe is forced to address this Lanham Act issue in a very general way.

" which a

## II. PLAINTIFF CANNOT MAKE A PRIMA FACIE CASE OF TRADEMARK INFRINGEMNT BECAUSE A DVD OR MOVIE IS NOT A TRADEMARK AND DEFENDANT, JOHN DOE'S, MOTION TO QUASH OR MODIFY SHOULD BE GRANTED

Plaintiff's novel but ultimately tortured construction of Section 43(a) has never been applied by any court to any movie and plaintiff's attorney fails to offer even one case or legitimate argument in support of its novel application of the Lanham Act. Maybe this is because Section 45 of the Lanham Act defines a "trademark" as "any word, name, symbol, or device, or any combination thereof" which a movie is not. Likewise, Section 43(a) of the Lanham Act makes a person liable for using a false description of origin in connection with any goods or services put into commerce and how plaintiff can apply that cause of action to a group of alleged copyright infringers is beyond this John Doe's wildest imagination.

Plaintiff's counsel cites the Supreme Courts ruling in <u>Dastar Corp. v. Twentieth Century Film Corp.</u>, 539 U.S. 23 (2003) as creating this new cause of action for the plaintiff. This argument is borderline frivolous. In <u>Dastar,</u> the Supreme Court admonished that section 43(a) of the Lanham Act-which governs trademarks-cannot be invoked as an end run around the copyright laws or to add another layer of protection to copyright holders. <u>Dastar</u>, 539 U.S. at 33-34 ("[I]n construing the Lanham Act, we have been careful to caution against the misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright."(quotation marks and citation omitted)). See also, <u>Agence France v. Morel,</u> 10 Civ. 2730 (WHP), 2010 BL 307756 (S.D.N.Y. 2010). In <u>Morita v. Omni Publications Intern., Ltd</u>., 741 F. Supp. 1107 (S.D.N.Y. 1990), Judge Cedarbaum found that in construing 43(a) of the Lanham Act to

the facts of that case that:

"It seems to me that plaintiff is not really complaining about a false description 1114*1114 or a false designation of origin, but rather about the allegedly unauthorized use of a photograph of which he claims authorship. This is a claim in the nature of copyright that does not fit into the mold of unfair competition. The Copyright Act provides an adequate remedy for the injury of which plaintiff complains. The Lanham Act should not be distorted to provide a remedy for a failed claim of copyright infringement."

As in this case, plaintiff does not have a Lanham Act claim but merely a failed claim of copyright infringement.

### III.     CONCLUSION

Because the plaintiff's complaint does not plead a meritorious copyright infringement claim and it cannot possibly plead a meritorious trademark infringement claim, it does not make sense to allow plaintiff to issue subpoenas under Federal Rule of Civil Procedure 45 to discover a Doe's identity. In other words, plaintiff has not made a concrete showing of a prima facie claim of copyright infringement which is required for the issuance of the subpoenas at issue. See, Arista Records, LLC v. Does3, 604 F.3d 110, 119 (2d Cir. 2010). Accordingly John Doe's motion to quash should be granted as a matter of law and fairness.

Respectfully submitted,

_____
John Doe
*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 10/27/11, I served a copy of the foregoing document, via US Mail, on:

Frederic R. Abramsom
160 Broadway, Suite 500
New York, NY 10038