IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

CASE No. 11-cv- 5786

-------------------------------

K-Beech, INC.,

       Plaintiff,

vs.

John Does 1-19,

       Defendants.

_____/

MOTION TO QUASH OR MODIFY
SUBPOENA

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 2/15/12 |

## MOTION TO QUASH OR MODIFY SUBPOENA

      I received a letter from my ISP regarding a subpoena, which included a copy of the Subpoena demanding my identifying information.

      There is a direct account from a Motion to Quash or Modify Subpoena in another case involving Mr. Frederic R.Abramson attorney of the plaintiff case no. 11-3995 (DRH)(AKT) K-Beech Inc v/s John Does 1-37 in United States District Court for Eastern District of New York before honorable judge Kathleen Tomlinson where even after the defendant called a representative of the plaintiff providing access to their computer for evaluation explaining they have never downloaded the software described, the plaintiff's were not interested and only were looking for thousands of dollars in settlements. A copy of this motion has been attached hereto as Exhibit A. From accounts of previous defendants of Steele Hansmeier, these subpoena notifications are followed by demand letters. These letters -- which



demand around $2900 to avoid dealing with their lawsuit[1] -- and their phone calls, which are

persistent[2], are the reason I am filing this motion, and for this reason, I respectfully request that

I be allowed to do so without revealing my personally identifying information.

## INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel,

Frederick.R.Abramson is using improper joinders in their mass lawsuits alleging copyright

infringement through BitTorrent. K-Beech has mass law suits in Maryland including a bit

torrent case identical to this one K-Beech v/s Does 1-32 case 8:11 –cv-01764-DKV which has

been dismissed. Also the plaintiffs attorney has filed identical cases in the Eastern District of

New York and in case CV 11-3994 (JTB) (ETB) which has been dismissed even before a

motion to quash and the Honorable Judge E. Thomas Boyle  attached hereto as Exhibit B and

referenced herin the court notes

"Relying on Circuit precedent, the Court applied the five-factor test derived from Sony Music
Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y.
2004). See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010).  The Court found
that, because petitioner's work was not yet registered with the Copyright Office, it had not sa-
tisfied the registration precondition in the Copyright Act and this action was therefore unlikely
to survive a motion to dismiss and might be subject to sua sponte dismissal.  Therefore, peti-
tioner's application failed to satisfy the first factor of the Sony Music test, which asks whether
the complaint makes a prima facie showing of copyright infringement.  The Court therefore
denied the application.  See
Memorandum Opinion and Order at 3-4 (Sept. 19, 2011), ECF No. 7."

The court also notes
"There are a number of problems with this petition.  First, it is not verified.  Second, petitioner
has not made an objective showing that relief under Rule 27 is necessary to prevent the loss or
destruction of evidence.  Petitioner provides a declaration that asserts, "Many ISPs only retain
the information sufficient to correlate an IP address to a person at a given time for a very li-
mited amount of time." (Declaration of Tobias Fieser in Support of Petitioner's Motion ¶ 11).
This allegation is inadequate to establish entitlement to the relief sought.  Petitioner offers no

---

[1]Google search: "steele hansmeier letter"
[2]Google search: "steele hansmeier phone calls"

information about the information-retention practices of the ISPs from whom it seeks discovery–Optimum Online, Road Runner, and Verizon Internet Services (see Fieser Decl., Exh. B)–and no facts to support its alleged
"rule of thumb " that 10% of the identities of the alleged infringers will be lost "each month following the date the IP address was identified." (Motion at 2). Third, petitioner has failed to serve the "expected adverse part[ies]" (here, the ISPs from whom discovery is sought) in order to provide them notice of the petition and an opportunity to be heard. For these reasons, petitioner's Motion is DENIED."

Likewise there is another nearly identical Bit Torrent case in the Eastern District of

Pennsylvania  K-Beech v/s Does 1-78 case 5:11- 05060. That motion was granted on 10/3/2011

and a copy of that order is attached hereto as Exhibit C and incorporated by reference herin.

In a similar case in the Eastern District of Virginia Case 3:11-cv-00469-JAG the Honorable

Judge Gibney severed the joinder stating

 "The mere allegation that the defendants have used the same peer - t o- peer net work to copy and reproduce the Work—which occurred on different days and times over a span of three months—is insufficient to meet the standards of joinder set forth in Rule 20."

He also states

"The Court also finds that the plaintiff should be required to show cause why certain conduct does not violate Rule 11 o f the Federal Rules o f Civil Procedure. The Court currently has three similar cases before it, all brought by the same attorney."

"When any of the defendants have filed a motion to dismiss or sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution. This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion o f a ruling on the merits o f the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits."

The Honorable John A. Gibney also asked plaintiff counsel to show cause as why plaintiff

should not be hit with Rule 11 sanctions for frivolous conduct stating.

"The plaintiffs' conduct in these cases indicates an improper purpose for the suits. In addition, the joinder o f unrelated defendants does not seem to be warranted by existing law or a non- f frivolous extension of existing law. Pursuant to Rule 11(c)(3), the Court, therefore, will direct the plaintiff and its counsel to show cause why the conduct specifically described in this Memorandum Order has not violated. Rule 11(b). See Fed. R. Civ. P. 11(c)(3); Fed. R. Civ. P. 11(b)."

These lawsuits include over twenty-thousand defendants in the Northern District of California alone and mass lawsuits across the country, including a BitTorrent case nearly identical to this one, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255,* and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*
In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker

writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have

been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of

California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge

Samuel Conti found the same joinder problems, and wrote in his order denying request for

leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly

identical BitTorrent cases in the Northern District of California by the same plaintiff Boy

Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

In a recent order (Sept 6th 2011) by Judge Bernard  Zimmerman, Northern District of California

5010 John Does were dismissed from On The Cheap, LLC v Does 1-5011, CASE c10-4472

BZ,  due to improper joinder, Judge Zimmerman stated the following in his order:

"This Court does not condone copyright infringements and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost effective manner does not justifying perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of morass plaintiff is creating. "

by the Prioritizing Resources and Organization for Intellectual Property Act of 2008 (PRO-IP

Act), the General Accounting Office (GAO) examined existing research on the economic ef-

fects of counterfeiting and piracy.[1] In a report released in 2010, the GAO concluded that eco-

nomic loss estimates widely cited by the government could not be substantiated due to the ab-

sence of underlying studies.[2] In attempting to discover the origin of the estimates, the GAO

learned from government officials that the numbers came directly from industry;[3] they were

neither independently reviewed nor supported by any disclosure of data or methodology.[4]

ARGUMENT

**1)      Plaintiff Has Improperly Joined 19 Individual Defendants Based on Entirely**

**Disparate Alleged Acts**

The Plaintiff's joinder of 19 defendants in this single action is improper and runs the

tremendous risk of creating unfairness and denying individual justice to those sued.  Mass

joinder of individuals has been disapproved by federal courts in both the RIAA cases and

elsewhere.  As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access
> was abused by her minor child, while John Doe 2 might share a computer with a
> roommate who infringed Plaintiffs' works. John Does 3 through 203 could be
> thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and

---

[1] *See* Prioritizing Resources and Organization for Intellectual Property Act of **2008**, Publ. L. No. 110-403, *§* 501, 122 Stat. 4256 (directing the **GAO** to "conduct a study to help determine how the Federal Government could better protect the intellectual property of manufacturers by quantification of the impacts of imported and domestic counterfeit goods on ... the overall economy of the United States.").

[2] GENERAL ACCOUNTING OFFICE, INTELLECTUAL PROPERTY: OBSERVATIONS ON EFFORTS TO QUANTIFY THE ECONOMIC EFFECTS OF COUNTERFEIT AND PIRATED GOODS 18 (2010), *available at* http://www.gao.gov/new.items/d10423.pdf.

[3] *Id. at* 16 ("Commerce and FBI officials told us they rely on industry statistics on counterfeit and pirated goods and do not conduct any original data gathering to assess the economic impact of counterfeit and pirated goods on the U.S. economy or domestic industries.").

[4] *Id.* (explaining that "industry associations do not always disclose their proprietary data sources and methods, making it difficult to verify their estimates.").

> depriving them, and their artists, of the royalties they are rightly owed. . . .
>
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31,

2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement.  See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work.  While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses.

That attenuated relationship is not sufficient for joinder.  See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Plaintiff argue that the New York defendants are properly  because they illegally downloaded /shared the film Gang Bang Virgins via Bit Torrent. The Plaintiff provided Court Exhibit B to their motion for leave to serve Third Party Subpoena prior to a Rule 26(f) Conference (Document 6), showing IP addresses for a specific "hit date (UTC)," it was observed illegally downloading /sharing the film. John Doe #18 was the first instance of downloading/sharing the film 4/21/2011 at 12:41 and the last instance was 7/4/2011 at 15:48 UTC by John Doe 12. Plaintiff incorrectly states that the infringement was accomplished by the Defendants "acting in concert with each other."The nature of Bit Torrent does not support that all John Does ip addresses acted together for the entire period of seventy five days. The nature of Bit Torrent us that the work in question is first made available to other Bit Torrent users by a small number, usually one ip address and other users join . IP Addresses join and leave various swarms at all times during the life of the torrent.  The plaintiffs agent Tobias Fieser IPP Limited

---

[1]http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

collected data on John Doe IP addresses (Exhibit A of Document 6) and can verify the nature of BitTorrent, as well as provide details on who (if any) of the John Does IP addresses in this case truly shared the work between the other John Does IP addresses.

Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

The K-Beech complaint and ex parte request for expedite discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant solely on an IP address. However an IP address is not equivalent to a person or any entity. It is not a fingerprint or DNA evidence-indeed, far from it. In a remarkably similar case in which  an adult entertainment company also sought expedited discovery to learn the identities of persons associated with IP addresses, United States District Judge Harold A. Baker of Central District of Illinois denied a motion for expedited discovery and reconsideration holding that

"IP Subscribers are not necessarily copyright infringers. The infringer might be the subscriber's household, a visitor with her laptop, a neighbor or someone parked on the street at any given moment. "

Order of April 29th,2011,VPR International v. Does 1-1017, No. 2:11-cv-02068(Central District of Ilinois)( Judge Harold A.Baker)[hereinafter VPR Internationale Order], attached hereto as Exhibit D. The point made so aptly by Judge Baker is that there may or may not be a correlation between individual subscriber, the IP address and the infringing activity. Id. The risk of false identification by ISP's based on internet protocol addresses is vividly illustrated by

Judge Baker when he describes a raid by federal agents on a home allegedly linked to child pornography. The identity and location of the subscriber were provided by the ISP ( in the same fashion as Plaintiff seeks to extract such information from the Wide Open West.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers Wi-Fi connections. Id. This risk of false identification and false accusation through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should the Court force the Wide Open West to turn over the requested information, John Doe would suffer a reputational injury. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as John doe will face untold reputational injury, Harassment and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "Whether you're guilty or not. You look like a suspect." Id at 3. Moreover, this case presents the same extortion risk that so concerned Justice Baker:

"Could expedited discovery be used to wrest quick settlement, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

Id. Discovery is not a game. Yet plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

Additionally this subpoena should not have been issued in the first place because the information sought is not relevant to the Plaintiff's allegation. See Syposs v. United States, 181 F.R.D. 224, 226,(w.d.n.y 1998)( "the reach of subpoena issued pursuant to [ FED. R. CIV. 45] is subject to the general relevancy standard applicable to discovery under [FED. R.CIV.P.26(b)(1)]. The information linked to an IP address cannot give you the identity of the infringer. VPR Internationale Order, at 2 . Because the infringer could have been anybody with a laptop passing within the range of a router, the information sought by the Plaintiff is not relevant to the allegations in anyway. Id.

Moreover, even if the information has some small amount of relevance to the claim-which it does not-discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiffs request fails that balancing test. Given that DOE was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Id. Plaintiffs request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE if allowed to proceed. Good cause exists to quash the subpoena served on Wide Open West to compel the disclosure of the name, address, telephone number and e-mail address of DOE.

**2)     Lack of Copyright to make a Copyright Infringement claim and lack of Subject Matter Jurisdiction. Lack of capacity to sue in federal court**.

Plaintiff does not have a meritorious copyright infringement case insofar as it does not possess a certificate of copyright registration for the "Gang Bang Virgins" (hereinafter the "Work"). See K-Beech v Does 1-39,2011 WL 4401933.

17 U.S.C. § 411(a) (West Supp.2009). "[S]ection 411(a)'s registration requirement limits a district court's subject matter jurisdiction to claims arising from registered copyrights only." *In re Literary Works in Electronic Databases Copyright Litig.,* 509 F.3d 116, 122 (2d Cir.2007) (citing *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.,* 354 F.3d 112, 114-15 (2d Cir. 2003); *Morris v. Business Concepts, Inc.,* 259 F.3d 65, 72, 73 (2d Cir.2001)). "Registration" is defined as "a registration of a claim in the original or the renewed and extended term of copyright." 17 U.S.C. § 101 (West 2005)

In case  DO DENIM, LLC,Plaintiff, v. FRIED DENIM, INC., Defendant No. 08 Civ. 10947(LTS)(RLE).United States District Court, Southern District  New York. June 17, 2009 Judge Swain granted defendant's motion to dismiss the copyright infringement claim for lack of subject matter jurisdiction under Section 411 of the Copyright Act stating as below

"The Court has considered thoroughly the cases cited by the parties and finds, for substantially the reasons set forth in the Tenth Circuit's thorough and well-reasoned opinion in La *Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195 (10th Cir.2005), that Plaintiff's mere filings of the applications, fees and deposits in connection with the Wings Design and the Dragon Design do not satisfy the jurisdictional prerequisites of Section 411(a) for either design. The language, "required for registration," as used in the phrase, "the deposit, application, and fee *required for registration,"* suggests strongly that the deposit, application and fee are *prerequisites* to registration and do not themselves constitute registration. Moreover, to construe "registration" having "been made" as meaning merely that "the deposit, application and fee have been delivered," without more, would render the subsequent alternative condition—that the deposit, application and fee be delivered *and* registration be refused—superfluous. The plain language of the statute compels dismissal of Plaintiff's copyright claims for lack of subject matter jurisdiction."

 In addition see other cases DMBJ Productions v. TMZ TV, and Lewinson v. Henry Holt and Company, LLC.

In addition the Plaintiff has included in its amended complaint trademark infringement and contributory trademark infringement under 43 (a) of the Lanham Act. Section 1127 states "The term "trademark" includes any word, name, symbol, or device or any combination therof" which a movie is not.  In addition the Act makes a person liable for false designation of origin likely to cause confusion or in commercial advertising to misrepresent the nature of the goods. How the plaintiff can use the Lanham act to this situation is unimaginable.


Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-19, from the case.

*See* Fed. R. Civ. P. 21.

 In addition the court should dismiss the copyright infringement claim for lack of subject matter jurisdiction under Section 411 of the Copyright Act as described above and also seek possible cause for Plaintiffs counsel to be sanctioned in accordance with Rule 11 of the Federal Rules of Civil Procedure for engaging in glaringly sloppy/frivolous conduct. (See, K-Beech v. John Does 1-85, 3:11-civ-469 (JAG)).


Dated: 1/13/2012                                Respectfully submitted,

*s/John Doe*
John Doe
*Pro se*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 1/16/2012, I served a copy of the foregoing document, via US Mail, on:

Frederic R.Abramson,
160 Broadway,Suite 500,
New York , NY 10038

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

K-BEECH, INC.,

                              Plaintiff,

           - against –

JOHN DOES 1-37

                              Defendants.

Civil Action No. 11-3995 (DRH)(AKT)

**CERTIIFICATE OF SERVICE**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 2 7 2011   ★

**LONG ISLAND OFFICE**

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF NASSAU )

The undersigned being duly sworn, deposes and says:

I am over 18 years of age and reside in Long Beach, NY.

That on October 26, 2011 deponent served a copy of a MOTION TO QUASH, on United States

District Court for the Eastern District of New York, A. Kathleen Tomlinson, Magistrate Judge,

100 Federal Plaza, PO Box 9014, Central Islip, NY 11722-9014, Courtroom 910; FREDERIC R.

ABRAMSON, Esq., 160 Broadway, Suite 500, New York, NY 10038; Optimum Online c/o CSC

HOLDINGS, INC. (Cablevision Systems), 1111 Stewart Avenue, Bethpage, NY 11714; and

Geisa Balla of Wong Wong & Associates PC, 150 Broadway, Suite 1588, New York, NY 10038,

by depositing a true copy of same enclosed in a postpaid properly addressed registered return

receipt wrapper in a post office official depository under the exclusive care and custody of The

United States Postal Service within the State of New York.

                                        John Doe No. 16
                                        John Doe No. 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

K-BEECH, INC.,

                Plaintiff,

   - against –

JOHN DOES 1-37

                Defendants.

Civil Action No. 11-3995 (DRH)(AKT)

**NOTICE OF MOTION TO QUASH PLAINTIFF'S SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

**PLEASE TAKE NOTICE** that, upon the Declaration of John Doe #16, the accompanying memorandum of law, and the motion papers/exhibits filed in connection with John Doe #32's motion to quash (see Doc. 8), the motion papers/exhibits filed in connection with John Doe's motion to Quash (see Doc. 7), Defendant, "JOHN DOE # 16," will move this Court before The Honorable A. Kathleen Tomlinson, in the United States District Court for the Eastern District of New York located at 110 Federal Plaza, Central Islip, New York 11722, on a date and time to be set by the Court or as soon as possible thereafter for an order granting Defendant's Motion to Quash The Subpoena for all John Does Pursuant to Fed. R. Civ. P. 45 (c)(3) or, in the alternative, for a protective order.

Dated: October 26, 2011
     Nassau County, New York

/s/ John Doe #16
John Doe #16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

K-BEECH, INC.,

               Plaintiff,

     – against –

JOHN DOES 1-37

               Defendants.

Civil Action No. 11-3995 (DRH)(AKT)


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN DOE #16's
MOTION TO QUASH THE SUBPOENA PURSUANT TO FED. R. CIV. P. 45(c)(3), OR,
IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER.**


John Doe No. 16
Pro Se Defendant

# TABLE OF AUTHORITIES

**Cases**

Arista Records, LLC v. Doe 3, 604 F .3d 110, 119 (2d Cir. 2010)                                    4,6

Capital Records, Inc. v. Wings Digital Corp., 218 F. Supp. 2d 280,284 (E.D.N.Y. 2002)             4

Corbis Corp. v. UGO NetOffensive Materials. Inc.. 322 F. Supp2d 520, 521-2 (S.D.N.Y. 2004)   5

Feist Publ 'ns, Inc. v. Rural Tel. Servo Co.. 499 U.S. 340 (1991)                                  4

Lewinson V. Henry Holt & Co., 659 F. Supp. 2d 547, 559 (S.D.N.Y. 2009)                             4

K-Beech, Inc., V. Does 1-29, 2011 WL 44001933 (Sept. 19,2011)                                      4,6

K-Beech, Inc. V. John Does 1-52, (2011-cv-3994) (Sept. 30,2011)                                    6

Reed Elsevier, Inc. V. Muchnick, 130 S. Ct. 1237 (2010)                                            4


**Rule**

Fed. R. Civ.   P. 26 3

Fed. R. Civ.   P. 45 3

## I. PRELIMINARY STATEMENT

The subpoena against John Doe #16 ("Doe" or "Defendant") ("the Subpoena") and all the other John Does should be quashed. Plaintiff K-Beech Inc., ("Plaintiff or "K-Beech") brought a copyright infringement claim against thirty-seven anonymous "Doe Defendants" on August 19, 2011. *See* Complaint, Doc. 1. In the Complaint Plaintiff alleged that all the Defendants copied elements of the original film "Gang Bang Virgins," (the "Offensive Material") by using a BitTorrent client and protocol. Plaintiff then sought to obtain expedited discovery and sought subpoenas, before a Rule 26(f) meeting was held, on various internet service providers to release the personal information of the Defendants related to the IP addresses that had allegedly downloaded the Offensive Material. The Court granted Plaintiffs subpoenas on September 16, 2011, and provided the Doe Defendants fourteen (14) days from receipt of the subpoena from the internet service provider to either move to quash or otherwise object to the subpoena. (See Declaration of Geisa Balla, Doc. 8-3). Defendant John Doe #16 received notice of the Subpoena from its internet service provider soon thereafter, and is now filing a timely motion to quash the aforementioned Subpoena. The Court should not allow such improper discovery, and should quash this Subpoena for Plaintiffs failure to plead a prima facie copyright infringement claim because Plaintiff does not have a registered copyright in the Offensive Material.

Additionally, it is John Doe #16's belief that Plaintiff brings this claim to improperly seek a "settlement" from Defendant (and other John Does) whose only wrong, at worst, was to have an unsecured wireless router. *See* Doe #16 Declaration. Defendant spoke with a representative for Plaintiff in an attempt to prove Defendant's innocence and avoid having to file the instant motion. Towards this end, Plaintiff was offered any and all evidence of Defendant's (including Defendant's computer to show that the required software was never on the computer, Defendant's employment records showing Defendant's whereabouts, sworn declarations, etc), but Plaintiff was not interested. *See* Doe #16 Declaration. Instead, Plaintiff sought to push forward, apparently seeking a settlement of thousands of dollars in for not ruining Defendant's reputation and employment prospects by associating Defendant's good name with the allegations of downloading the Offensive Material. *See*

Doe #16 Declaration. Plaintiff should not be permitted to use the judicial process as a sword to improperly victimize innocent individuals, especially when Plaintiff turns a blind eye to any offers of evidence that would prove Defendant's is not culpable for the alleged misconduct. Accordingly, Defendant hereby requests that the Court issue a Protective Order prohibiting Defendant's name and contact information from being disclosed to Plaintiff and the public.

Plaintiff also improperly joins all John Does, even though their acts were not in concert with each other. Defendant hereby incorporates by reference the motion to quash filed by John Doe in Docket No. 7.

## II.   ARGUMENT: PLAINTIFF HAS FAILED TO PLEAD A PRIMA FACIE COPYRIGHT INFRINGEMENT CLAIM

The Subpoena should be quashed because Plaintiff has failed to plead that the Offensive Material is registered with the Copyright Office. Under Rule 26(d)(1) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation or a by court order." In the Eastern District of New York, "courts will allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 to discover a Doe defendant's identity when there is (1) a concrete showing of a prima facie claim of copyright infringement; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information." *K-Beech, Inc.*, v. *Does* 1-29, 2011 WL 44001933, at \*1 (Sept. 19, 2011), citing *Arista Records, LLC* v. *Doe* 3,604 F.3d 110,119 (2d Cir. 2010). Consequently, Plaintiffs subpoena should be quashed because it has failed to satisfy the first requirement of allowing a Rule 45 subpoena to uncover a Doe's identity, "a concrete showing of a prima facie claim of copyright infringement." *K-Beech, Inc.*, 2011 WL 44001933, at \*1.

### A.   The Subpoena Should Be Quashed Because Plaintiff Does Not Have A Registered Copyright in the Offensive Material.

Plaintiff has failed to establish a prima facie copyright infringement claim because the Offensive Material is not registered. To establish a claim for copyright infringement, a plaintiff must

allege "1) ownership of a valid copyright, and (2) copying of constituent elements of the Offensive Material that are original." *Feist Publ'ns, Inc.* v. *Rural Tel. Servo Co.,* 499 U.S. 340, 361 (1991). Also, "[t]he Copyright Act ... requires copyright holders to register their Offensive Materials before suing for copyright infringement." *Reed Elsevier, Inc.* V. *Muchnick.* 130 S. Ct. 1237, 1241 (2010), citing 17 U.S.C. §411(a). "Submission of an application for copyright registration does not satisfy the registration precondition of §411(a)." *K-Beech, Inc.,* 2011 WL 44001933, at *1, *citing Lewinson* V. *Henry Holt & Co.,* 659 F. Supp. 2d 547, 559 (S.D.N.Y. 2009) ("registration is a jurisdictional precondition for bringing an infringement action in federal court"), *Capital Records, Inc.* V. *Wings Digital Corp.,* 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) (portions of complaint seeking copyright infringement based upon pending registrations dismissed). "The federal district courts do not have jurisdiction over a claim for federal copyright infringement until the Copyright Office has either approved or refused the pending application for registration." *Corbis Corp.* v. *UGO NetOffensive Materials, Inc.,* 322 F. Supp2d 520, 521-2 (S.D.N.Y. 2004).

Here, Plaintiffs Complaint fails to establish a prima facie copyright claim because the Offensive Material on which Plaintiff claims copyright ownership is *not* registered with the Copyright Office. As Plaintiff pleads in its Complaint, the application for copyright registration for the Offensive Material was submitted (See Complaint, Doc. 1; Ex. A to the Declaration of Geisa Balla, ¶ 11, Doc. 8-3). No allegation of a registered copyright was made. Plaintiff's Exhibit B to the Complaint only shows an application submitted to the Copyright Office. Plaintiff has *not* established that the Offensive Material is actually registered with the Copyright Office, a precondition to bringing this claim in the federal district courts. Counsel for Defendant Doe #32 called the United States Copyright Office to inquire about the status of the application for the Offensive Material, and discovered that the Offensive Material was not in fact yet registered with the Copyright Office. (See Declaration of Geisa Balla, ¶¶ 2-4, Doc. 8-3). The Subpoena should be quashed because Plaintiff has failed to establish that this copyright infringement claim should actually be heard in this court.

**B.     The Subpoena Should be Quashed; Identical Subpoenas Were Denied for Lack of a Registered Copyright.**

.   ..     While K-Beech has instituted dozens of actions across the country for an alleged copyright infringement of the Offensive Material, it has filed no less than five almost identical actions in the United States District Court for the Eastern District alone (See Exhibit C to the Declaration of Geisa Balla, Doc. 3). Of the five actions in the Eastern District, K-Beech has moved for leave to serve third-party subpoenas prior to a Rule 26(f) conference in two of the three actions. Only in this underlying action has K-Beech's motion for leave been granted.

In *K-Beech, Inc. v. John Does 1-29*, (11-cv-3331) (See Order and Decision, Exhibit D to the Declaration of Geisa Balla, Doc. 8-3) Plaintiff, K-Beech, alleged that an application for Copyright Registration for the motion picture "Virgins 4" was submitted, and attached a copy of said application in support of this allegation. In *K-Beech, Inc. v. John Does 1-52*, (2011-cv-3994), *(See* Order and Decision, Exhibit E to the Declaration of Geisa Balla, Doc. 8-3) Plaintiff, K-Beech, again alleged that an application for Copyright Registration for the motion picture "Virgins 4" was submitted, and attached a copy of said application in support of this allegation. Under the review of Magistrate Judge, E. Thomas Boyle, this Court, in *K-Beech, Inc. v. John Does 1-29* and *K-Beech, Inc. v. John Does 1-52*, denied K-Beech's motion for various reasons, the most relevant being K-Beech's failure to make a prima facie claim of copyright infringement. In both actions, Hon. E. Thomas Boyle denied Plaintiff's motions for leave, as Plaintiff only alleged that the registration for "Virgins 4" was pending. Hon. E. Thomas Boyle relied on *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d. Cir. 2010), where the Court held that a concrete showing of a prima facie claim would be required to allow a party to issue a subpoena under Fed. R. Civ. P. 45. (See Exhibit D to the Declaration of Geisa Balla, Doc. 8-3). Finding that a plaintiff must hold a registered copyright before suing for copyright infringement, Hon. E. Thomas Boyle held that K-Beech did not properly plead all of the elements of a copyright infringement claim, and denied K-Beech's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 16(f) conference. (See Exhibit D to the Declaration of Geisa Balla, Doc, 8-3).

This action is *identical* to *K-Beech, Inc. v. John Does 1-29* (2011-cv-3331) and *K-Beech, Inc. v. John Does 1-52* (11-cv-3994). In this action, K-Beech only alleges that an application for Copyright Registration has been submitted for the Offensive Material, "Gang Bang Virgins." (See Complaint, Exhibit A to the Declaration of Geisa Balla, ¶¶ 11-12, Doc, 8-3). As in the other actions, Plaintiff here lacks a registered copyright, and cannot bring this lawsuit in the federal court. In the above-referenced actions, K-Beech's motions for leave to file a subpoena were denied because of its failure to allege a registered copyright. Here, the Court granted the motion for leave to file a subpoena, despite the fact that K-Beech does not have a registered copyright in the Offensive Material. However, the Court should quash this subpoena to prevent inconsistent decisions with this Court, and with well-established case law in the district courts.

**III.    CONCLUSION**

Plaintiff does not have a registered copyright in the Offensive Material, and, therefore, cannot bring a copyright infringement claim in this Court.  Plaintiff has failed to make a concrete showing of a prima facie claim of copyright infringement. Plaintiffs Subpoena should be quashed. For the foregoing reasons, the Subpoena should be quashed, a protective order to protect my identity should be issued, the Complaint should be dismissed, and the Court should grant any other relief it deems just and proper.

Respectfully submitted,

/s/ John Doe No. 16
John Doe No. 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

K-BEECH, INC.,

                              Plaintiff,

        - against –

JOHN DOES 1-37

                              Defendants.

Civil Action No. 11-3995 (DRH)(AKT)

**DECLARATION OF DOE
DEFENDANT 16 IN SUPPORT OF
MOTION TO QUASH**

JOHN DOE No. 16, declares, pursuant to 28 U .S.C. §1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

I am John Doe # 16 in the above-captioned action.

I reviewed the Complaint in the underlying action, which contained allegations that I downloaded a movie file titled, "Gang Bang Virgins."

Neither I nor anyone else within my residence ever downloaded the above-mentioned movie.

At all relevant times, I had an unsecured wireless internet connection, which was apparently in reach of members of the public. I never consented to nor had reason to believe that anyone could or would use my wireless router to allegedly improperly download Plaintiff's Offensive Material.

Upon receipt of the Complaint, I reached out to Plaintiff and spoke to a self-described "Negotiator" in an effort to see if I could prove to them (without the need for publicly tying my name to the Complaint) that I had nothing to do with the alleged copyright infringements. The Negotiator was offered unfettered access to my computer, my employment records, and any other discovery they may need to show that I was not the culpable party. Instead, the Negotiator refused and was only willing to settle the Complaint for thousands of dollars. While the Negotiator said on October 24, 2011 that he would check to see if he could come down from the thousands of dollar settlement amount, the Negotiator has not responded to two voice mails that were left on October 25, 2011. Notably, the Negotiator justified the settlement amount because, in part, I would incur

legal fees in hiring an attorney. Because settlement discussions have ceased (and I was only willing to pay a nominal amount to avoid the wasted time I have now spent responding to this frivolous Subpoena), I am now filing the instant motion.

Dated: October 26, 2011

s/John Doe No. 16
John Doe No. 16

*Exhibit C*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
K-BEECH, INC.,

         Plaintiff,       MEMORANDUM
                   OPINION AND ORDER
    -against-
                  CV 11-3994 (JTB) (ETB)
DOES 1-52,

         Defendants.
-----------------------------------------------------------------X

   Before the Court is petitioner's Emergency Motion for Leave to Serve Third Party Subpoenas

Prior to a Rule 26(f) Conference ("Motion"). For the reasons that follow, petitioner's motion is

DENIED.

   This began as a copyright infringement action in which the petitioner sued a number of

anonymous alleged infringers for downloading a film called "Virgins 4" using a peer-to-peer file-

sharing protocol called BitTorrent. (See Complaint at 2-3; see also Amended Complaint Sounding

as a Petition to Perpetuate Testimony Under Federal Rule of Civil Procedure 27 ("Petition") at 3).

The work is not yet registered with the Copyright Office. Petitioner asserts that "[o]n or about April

22, 2011, Plaintiff submitted an application for Copyright Registration . . . for the motion picture."

(Complaint at 2; Petition at 3).

   Petitioner has identified the defendants only through their Internet Protocol ("IP") addresses.

(Complaint at 2; Petition at 2). Petitioner, in this second application, asks the Court for an order

pursuant to Federal Rule of Civil Procedure 27 permitting petitioner to serve third-party subpoenas

on the anonymous defendants' Internet Service Providers ("ISP") in order to ascertain the

defendants' identities. (See Motion at 2-3).

   Petitioner previously filed a similar motion seeking leave to file third-party subpoenas

pursuant to Rule 26(d)(1). Relying on Circuit precedent, the Court applied the five-factor test

derived from <u>Sony Music Entertainment Inc. v. Does 1-40</u>, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).  <u>See</u> <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 119 (2d Cir. 2010).  The Court found that, because petitioner's work was not yet registered with the Copyright Office, it had not satisfied the registration precondition in the Copyright Act and this action was therefore unlikely to survive a motion to dismiss and might be subject to <u>sua sponte</u> dismissal.  Therefore, petitioner's application failed to satisfy the first factor of the <u>Sony Music</u> test, which asks whether the complaint makes a prima facie showing of copyright infringement.  The Court therefore denied the application.  <u>See</u> Memorandum Opinion and Order at 3-4 (Sept. 19, 2011), ECF No. 7.

Thereafter, petitioner filed the within "Amended Complaint Sounding as a Petition to Perpetuate Testimony Under Federal Rule of Civil Procedure 27" (ECF No. 3) and the accompanying Motion, which seeks the issuance of third-party subpoenas to discover the identities of the as-yet anonymous defendants through Rule 27(a).  The Court assumes, without deciding, the propriety of plaintiff's conversion of the original action to a special proceeding in which it is the petitioner.

Rule 27(a) allows for a potential litigant to take depositions to perpetuate testimony prior to the filing of an action.[1]  To be entitled to relief under the Rule, a petitioner must file a <u>verified</u> petition that shows:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be

---

[1]Although Rule 27 speaks primarily of the use of depositions to perpetuate testimony, the Rule also expressly allows "written interrogatories" and further permits a court to "issue orders like those authorized by Rules 34 and  35." Fed. R. Civ. Proc. 27(a)(3).  Rule 34, in turn, permits a party to serve a subpoena compelling production of documents and tangible things on a non-party. Fed. R. Civ. Proc. 34(c).  Thus, "a petitioner may proceed under Rule 27 for an order pursuant to Rule 34 . . . without taking a deposition."  6 James Wm. Moore et al., Moore's Federal Practice § 27.12.  Moreover, such discovery is "available with respect to persons not expected to be parties, provided that the requirements of Rule 27(a) or (b) have been met."  <u>Id.</u>

brought;
(B) the subject matter of the expected action and the petitioner's interest;
(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
(E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. Proc. 27(a)(1). In addition, the Rule 27 petition must include "an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed." Petition of Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. 2005). General, conclusory allegations without supporting facts are not sufficient. See 6 James Wm. Moore et al., Moore's Federal Practice § 27.13[4][a].

In addition to filing a petition that satisfies Rule 27(a)(1), a petitioner must "serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing" at least 21 days prior to the hearing date. Fed. R. Civ. Proc. 27(a)(2). Service must be "in the manner provided by Rule 4." Id. This ensures that the respondent to the petition, from whom discovery is sought, whether a potential party or a non-party, will have adequate prior notice and an opportunity to be heard on the petition prior to any ruling by the court. If, after hearing petitioner and respondents on the issue, the court is satisfied that perpetuating the testimony "may prevent a failure or delay of justice," the hearing court will issue an order designating the persons from whom discovery will be taken, the subject matter of the discovery, and the form of the discovery. Id.

There are a number of problems with this petition. First, it is not verified. Second, petitioner has not made an objective showing that relief under Rule 27 is necessary to prevent the loss or destruction of evidence. Petitioner provides a declaration that asserts, "Many ISPs only retain the

3

information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." (Declaration of Tobias Fieser in Support of Petitioner's Motion ¶ 11).  This allegation is inadequate to establish entitlement to the relief sought.  Petitioner offers no information about the information-retention practices of the ISPs from whom it seeks discovery–Optimum Online, Road Runner, and Verizon Internet Services (see Fieser Decl., Exh. B)–and no facts to support its alleged "rule of thumb " that 10% of the identities of the alleged infringers will be lost "each month following the date the IP address was identified." (Motion at 2).  Third, petitioner has failed to serve the "expected adverse part[ies]" (here, the ISPs from whom discovery is sought) in order to provide them notice of the petition and an opportunity to be heard.

For these reasons, petitioner's Motion is DENIED.  If petitioner seeks to make another application under Rule 27, it must satisfy all of the requirements of Rule 27.  This includes a description of how petitioner intends to proceed, e.g. by deposition, written interrogatories, or discovery demands.  See Fed. R. Civ. Proc. 27(a)(3), discussed supra.  In addition, the petition must be accompanied by a memorandum of law and proof of service on the proposed respondents pursuant to Federal Rule of Civil Procedure 4.

**SO ORDERED:**

Dated:  Central Islip, New York
            September 30, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K-BEECH, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOES 1-78, | : | No. 11-5060 |
| Defendants. | : | |

**ORDER**

**AND NOW**, this **3ʳᵈ** day of **October, 2011**, upon consideration of Defendant John Doe's

Motion to Quash or Modify Subpoena, and for the following reasons, it is hereby **ORDERED**

that:

1)    All Defendants except John Doe 1 are **SEVERED** from this action and

**DISMISSED** without prejudice.

2)    The motion (Document No. 6) is **GRANTED**.[1]

---

[1] K-Beech, Inc. brings this action against seventy-eight "John Doe" defendants, identified only by their internet protocol ("IP") addresses, for direct and contributory copyright infringement of a motion picture called *Virgins 4*. Defendants allegedly downloaded the work through BitTorrent, which allows a "swarm" of users to download and upload from each other simultaneously. Similar lawsuits attempting to join numerous Doe defendants for copyright infringement of a single work via BitTorrent have been filed around the country, including several others by K-Beech.

K-Beech has served third-party subpoenas on Defendants' internet service providers ("ISPs") to obtain the name and contact information associated with each IP address. After receiving notice from their ISPs, five Doe Defendants have filed motions to quash the subpoenas, arguing that they were improperly joined in this action. Plaintiff has not timely responded to the first such motion. The Court agrees that John Does 2 through 78 were improperly joined. Defendants may be joined if: (1) a claim is asserted against them jointly, severally, or in the alternative arising out of the same transaction or occurrence, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). A number of courts have held that using BitTorrent to download the same copyrighted work does "not mean that each of the defendants were engaged in the same transaction or occurrence." *On the Cheap, LLC v. Does 1-5011*, Civ. A. No. 10-4472, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011); *see also, e.g.*, Order, *W. Coast Prods., Inc., v. Does 1-535*, Civ. A. No. 10-94 (N.D. W. Va. Dec. 16, 2010). Furthermore, the Court has "broad discretion" under Rule 21 to sever parties. *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (quoting *Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, . . . drop a party."); *BMG Music v. Does 1-203*, Civ. A.

3)   All subpoenas seeking discovery regarding all Defendants except John Doe 1 are

**QUASHED**.

4)   The other pending motions to quash in this case (Document Nos. 7, 8, 10, and 11)

are **DENIED as moot**.

5)   By **October 14, 2011**, Plaintiff shall serve a copy of this Order on every

Defendant for whom it has obtained an address and the internet service providers

on whom third-party subpoenas have been served. By **October 28, 2011**,

Plaintiff's counsel shall file a declaration attesting that Plaintiff has complied with

this provision.

6)   Plaintiff shall have until **October 14, 2011** to file an amended complaint against

John Doe 1, if it wishes to proceed with its claims against this Defendant.


BY THE COURT:


_____

**Berle M. Schiller, J.**

---

No. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (severing over two hundred Doe
defendants in copyright action sua sponte). Severance is warranted here because the large number
of defendants could lead to dozens of motions raising unique factual and legal issues and would
pose logistical difficulties at every stage of litigation. *See Boyer*, 2004 WL 835082, at *1 n.1
(noting that district court may invoke Rule 21 "for convenience . . . or to promote the expeditious
resolution of the litigation"). Thus, the Court will sever all Defendants but the first named, John
Doe 1, and quash all third-party subpoenas served on ISPs except as to John Doe 1. K-Beech may
pursue its copyright infringement claims on an individual basis.

Exhibit D

**E-FILED**
Friday, 29 April, 2011  09:02:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VPR INTERNATIONALE, | ) | |
| | ) | |
| Plaintiff, | ) | 11-2068 |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1 - 1017, individually and as | ) | |
| representatives of a class, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

The plaintiff, VPR Internationale, is a Montreal, Quebec-based producer of adult entertainment content. VPR has filed this complaint against 1,017 Doe defendants identified only by Internet Protocol ("IP") address. VPR alleges that these defendants have distributed adult videos in violation of VPR's copyrights. To determine the identity of the 1,017 alleged copyright infringers, VPR filed an *ex parte* motion for expedited discovery so that it could immediately serve subpoenas on Internet service providers ("ISPs") to determine the subscriber and location associated with each IP address. The court denied the motion for expedited discovery [9]. VPR filed an *ex parte* motion for reconsideration, which was denied on March 22, 2011, by text order.

VPR has now filed a motion to certify for interlocutory review the court's denial of its motion for expedited discovery. VPR seeks certification for one controlling question of law:

> Defendants' identifies are unknown to the Plaintiff. Instead, each Defendant is associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs) know identity and contact information associated with each IP address. Is the Plaintiff to entitled to discover this information by serving ISPs with subpoenas *duces tecum* under Fed. R. Civ. P. 45?

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In this case, VPR may seek expedited discovery only by court order.

Arguing in favor of certification, VPR directs the court's attention to its motion for reconsideration. In its memorandum, VPR concedes that the relief sought falls outside traditional adversarial procedure, and states that there is no legal basis to name the ISP providers as defendants. VPR compares the Doe defendants' IP addresses to "records of *who* rented *which* car at a busy car rental agency, in that IP addresses are like cars "leased by subscribers. If a

1

plaintiff was injured by a rental car, the plaintiff can discover the information on who leased the car from the agency by specifying the license plate of the offending vehicle and the date and time when the injury occurred. Without access to the agency's records, all the plaintiff has is the identity of the rental agency, but not who was driving the rental car." The comparison is not apt. The rental agency owns the car and is a potential defendant, so the adversarial process would yield the driver's information. And such information is not necessarily confidential; accident reports and police records may also identify the driver.

In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel[1] has sought leave to amend the complaint to add more Doe defendants. *See Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff. *Hard Drive*,

---

[1] VPR is represented by John Steele, Esq. Steele represents other adult entertainment producers in cases now (or recently) pending in the Northern and Southern Districts of Illinois.

Case No. 1:10-cv-05606, d/e 33 (N.D. Ill.).[2]   Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."[3] Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?  The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions.  Order, d/e 9.

The motion to certify for interlocutory review [14] is denied.

Entered this 29th day of April, 2011.

                        \s\Harold. A. Baker

                        _____
                              HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE

---

[2] In *Lightspeed*, only one defendant has been named and his case severed; the ISP subpoenas have been quashed, the other Does are dismissed, and Steele has been ordered to notify the Does that they are no longer potential defendants in the case. *See* Case No. 1:10-cv-05604, d/e 57 (N.D. Ill.).

[3] MSNBC article, p. 2.

3